UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| KATHLEEN McGILL, | ) | |
| | ) | |
| Plaintiff, | ) | Case Nos. 1:08-cv-1205 |
| | ) | 1:08-cv-1206 |
| v. | ) | |
| | ) | |
| WESTERN MICHIGAN UNIVERSITY, | ) | Hon. Robert Holmes Bell |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### REPORT AND RECOMMENDATION

The captioned civil actions are brought by Kathleen McGill against Western Michigan University. Both cases apparently arise from her expulsion from the university in November of 2008. The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent

with the allegations of the complaint. *Revis v. Meldrum,* 489 F.3d 273, 280 (6th Cir. 2007). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I conclude that plaintiff's *pro se* action is indisputably meritless. The complaint should therefore be dismissed for failure to state a claim under federal law.

Plaintiff's *pro se* complaint in case no. 1:08-cv-1205 was submitted on this court's standard form, designed to be used by *pro se* litigants alleging a claim under the Age Discrimination in Employment Act of 1967 (ADEA). In the body of the complaint, however, plaintiff makes it clear that she was never employed by defendant. Likewise, the complaint in case no. 1:08-cv-1206 was submitted on the form complaint designed for use by *pro se* plaintiffs seeking redress under Title VII of the Civil Rights Act of 1964, the Equal Pay Act of 1963, or both. Again, the body of the complaint makes it clear that plaintiff was never employed by the defendant. Accordingly, plaintiff fails to state a claim under either the ADEA, Title VII, or the Equal Pay Act, all of which create a cause of action only in favor of an employee or prospective employee. *See Smith v. Allstate Ins. Co.*, 195 F. App'x 389, 397 n.7 (6th Cir. 2006) (Title VII and ADEA); *Beck-Wilson v. Principi*, 411 F.3d 353, 359-60 (6th Cir. 2006) (Equal Pay Act); *Ambrose v. summit Polymers, Inc.*, 172 F. App'x 103, 105 (6th Cir. 2006) (Equal Pay Act); *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) (Title VII).

The basis for plaintiff's complaint appears to be her expulsion from the university in November of 2008. Each complaint is written in careless, longhand scrawl but repeats the allegation that plaintiff was "expelled c/o crime." I gather from this cryptic allegation that the university

expelled plaintiff and that the expulsion had something to do with an allegation of criminality. Reading the complaint with all due liberality, I surmise that plaintiff wishes to bring a civil rights action pursuant to 42 U.S.C. § 1983.  It is well settled, however, that state-run universities are arms of the state and are therefore immune from suit under the Eleventh Amendment to the Constitution. *See Jones v. University of Cincinnati*, 215 F.3d 561 (6th Cir. 1006); *see also Bevington v. Ohio Univ.*, 93 F. App'x 748, 750 (6th Cir. 2004); *Benzie v. Western Mich. Univ.*, 52 F. App'x 822 (6th Cir. 2002).  Consequently, to the extent that plaintiff seeks to bring a section 1983 civil rights action against Western Michigan University, that claim is barred by principles of Eleventh Amendment immunity.

### Recommended Disposition

Plaintiff's complaints, on their face, fail to state a claim under the ADEA, Title VII, or the Equal Pay Act of 1963.  Consequently, the only claims stated in plaintiff's complaints are untenable.  Furthermore, even construing her claims as brought under 42 U.S.C. § 1983, those claims would be barred by sovereign immunity.  I therefore recommend that both complaints be dismissed for failure to state a claim upon which relief can be granted.

Dated:   January 6, 2009                    /s/  Joseph G. Scoville
                                            United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file

timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).